FILED

10/11/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0648

DA 15-0648

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 260N

TRACY K. ORCUTT,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Dawson, Cause No. DV 15-073
Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Tracy K. Orcutt, Self-Represented, Glendive, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

          Oliva Norlin-Rieger, Dawson County Attorney, Glendive, Montana

Submitted on Briefs:  August 24, 2016

Decided:  October 11, 2016

Filed:

                                     Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Tracy K. Orcutt, appearing pro se, appeals from an October 2015 order of the Seventh Judicial District Court, Dawson County, denying his second Petition for Post-Conviction Relief. We affirm.

¶3 In 2014, Orcutt pled nolo contendere to two felony drug charges: criminal production or manufacture of dangerous drugs and criminal possession of dangerous drugs with intent to distribute. He did not appeal. On November 3, 2014, Orcutt filed his first petition for post-conviction relief, alleging ineffective assistance of counsel and a myriad of errors within his conviction. The District Court dismissed the petition on November 28, 2014, finding that the record and pleadings in the case showed, conclusively, that Orcutt was not entitled to relief. In October 2015, Orcutt filed his second petition for post-conviction relief, alleging substantially the same grounds for relief and errors in his underlying conviction as he alleged in his first petition, and alleging the existence of newly discovered evidence entitling him to relief. In October 2015, the District Court dismissed Orcutt's second petition.

¶4 "We review a district court's denial of a petition for post-conviction relief to determine whether the court's findings of fact are clearly erroneous and whether its

2

conclusions of law are correct." *Beach v. State*, 2009 MT 398, ¶ 14, 353 Mont. 411, 220 P.3d 667. A district court must dismiss "a second or subsequent petition by a person who has filed an original petition unless the second or subsequent petition raises grounds for relief that could not reasonably have been raised in the original or an amended original petition." Section 46-21-105(1)(b), MCA.

¶5 After reviewing the petition, pleadings, and record in this case, we determine that the grounds for relief upon which Orcutt relies reasonably could have been raised in his first petition for post-conviction relief. In fact, a substantial number of the arguments he now raises were raised in his first petition. Because Orcutt's arguments in his second petition for post-conviction relief were or could have been raised in his original petition, the District Court did not err in dismissing the petition.

¶6 We note that the District Court stated in its order: "Having considered Orcutt's Amended Second Petition for Post-Conviction Relief, the relief requested is denied and the Amended Second Petition is dismissed. Orcutt may not file another Petition for Post-Conviction Relief." While the evidentiary threshold may be heightened for second or subsequent petitions for post-conviction relief, there is nothing in our statutory scheme that categorically bars a petitioner from raising additional claims if adequate grounds for relief should arise in the future. Therefore, we strike the portion of the District Court's order that precluded Orcutt from filing such a petition.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of this Court, this case presents a question controlled by settled law.

¶8 Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON